IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRITTANI BEASLEY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | CASE NO. 4:24-cv-04912 |
| § | |
| **JAMES E. HARDEN, MONJA WILLIS,** § | |
| **and 13 STRIKES LLC** § | |
| **Defendants.** § | |

### DEFENDANTS' 12(b)(6), 12(b)(5), and 12(b)(2) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants James Harden, Jr. ("Harden, Jr.") and Monja Willis ("Willis" and, together with Harden, Jr., the "Individual Defendants") respectfully move under Rule 12(b)(6), Rule 12(b)(5), and Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss all claims against the Individual Defendants. Separately, Defendant 13 Strikes LLC ("13 Strikes", and together with the Individual Defendants, the "Defendants")) moves under Rule 12(b)(5) and Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss all claims against 13 Strikes.

### I.   INTRODUCTION AND FACTUAL BACKGROUND

1. On December 13, 2024, Plaintiff filed an Original Complaint against the Defendants for employment discrimination.

2. On December 23, 2024, Plaintiff filed an Amended Complaint (the "Complaint") against the Defendants for employment discrimination. The Complaint asserts these claims solely under Title VII of the Civil Rights Act of 1964 ("Title VII"), and alleges that the Defendants failed to promote Plaintiff and failed to "allow [Plaintiff] full scope of her event coordinator knowledge,

responsibility and abilities and job description" due to her race and color [Amended Complaint, pg 2, paragraph 6.]

3. On December 27, 2024, Plaintiff filed three "Returns of Service of Summons," purportedly indicating that she had properly served each of the Defendants. [Docket Entry Nos. 6, 7, and 8]. However, that service was defective. According to Plaintiff, she simply mailed the Summons via certified mail (even though there is no indication from the record that summonses were issued by the Clerk). This is improper service under both Federal and Texas law. The Defendants have not been properly served.

## II. SUMMARY OF ARGUMENTS

4. The Individual Defendants move to dismiss Plaintiff's complaint with prejudice under Rule 12(b)(6) for the following reasons: (i) no cause of action exists under Title VII that would permit Plaintiff's suit against the Individual Defendants because Title VII does not allow for lawsuits against individuals, only the employer; and (ii) separately, Title VII requires the exhaustion of administrative remedies before filing suit. Plaintiff did not exhaust her administrative remedies with respect to the Individual Defendants; they were never named as parties in her EEOC complaint.

5. All Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(2) and 12(b)(5) due to Plaintiff's failure to properly serve the Defendants.

## III. MOTION TO DISMISS STANDARD

6. Federal Rule of Civil Procedure 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, pleadings must show specific, well-pleaded facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A complaint fails to state a claim upon which relief may be

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### IV.   ARGUMENTS AND AUTHORITIES

**A.   All Claims Against Harden, Jr. and Willis Must be Dismissed under Rule 12(b)(6) because Title VII does Not Provide for Individual Liability.**

7.   Plaintiff is precluded from bringing Title VII claims against Mr. Harden, Jr. and Ms. Willis, the Individual Defendants. As Judge Ho recognized in her decision denying Plaintiff a court-appointed attorney [Docket Entry No. 10, pg. 5], "Title VII applies only to employers – and not the employer's agents or supervisors." *See Grant v. Lone Star Co.,* 21 F.3d 649, 652-53 (5th Cir. 1994)." The Fifth Circuit has repeatedly rejected any individual liability under Title VII. *Shabazz v. Texas Youth Commission*, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003), *citing Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n. 1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir.2002) ("This circuit has held that there is no individual liability for employees under Title VII.").

8.   Simply put, as a matter of law, Title VII liability cannot be imposed on the Individual Defendants. *Griffin v. Tex. Dep't of Criminal Justice*, No. CIV.A. H-06-3670, 2007 WL 2140203, at *2–3 (S.D. Tex. July 24, 2007) ("It is clear from the existing law that the individual defendants are improper parties under Title VII."). Accordingly, the Individual Defendants' Motion to Dismiss should be granted and the Individual Defendants should be dismissed, with prejudice, from this litigation.

**B.  All Claims Against Harden, Jr. and Willis Must Also be Dismissed under Federal Rule 12(b)(6) because Plaintiff Failed to Exhaust Her Administrative Remedies Against Them.**

9.  Employment discrimination plaintiffs must exhaust their administrative remedies before pursuing claims in federal court. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Exhaustion under Title VII requires filing a timely charge of discrimination with the EEOC and receipt of a "right-to-sue" letter. 42 U.S.C. § 2000e–5 (e) and (f); *see also Taylor*, 296 F.3d at 379. Additionally, "plaintiffs must exhaust their administrative remedies against *each defendant* before filing suit." *Henry v. Parkwest Staffing Services, Inc.*, No. CIV.A. H-11-2417, 2012 WL 950213, at *3 (S.D. Tex. Mar. 20, 2012) (emphasis added); *see also Thanedar v. Time Warner, Inc.*, No. CIV.A. H-06-2139, 2008 WL 8886544, at *14 (S.D. Tex. Oct. 7, 2008), *aff'd*, 352 Fed. Appx. 891 (5th Cir. 2009) ("A party who is not named in an administrative charge may not later be sued in federal court.") (citing *Mann v. Gannett Co.,* Civ. A. No. 2:06CV888–MHT, 2007 WL 1668835, at *3 (M.D. Ala. June 8, 2007)).

10.  Here, neither Mr. Harden, Jr. nor Ms. Willis was named as a respondent in Plaintiff's underlying charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"). [Docket Entry No. 5, pgs. 11-12]. While the Individual Defendants recognize that if Plaintiff had tried to do add them to her EEOC charge, the EEOC would likely have corrected Plaintiff, pointing out that such individual liability is not permitted under Title VII, nevertheless, Plaintiff's failure to exhaust her administrative remedies as to the Individual Defendants, by filing a charge of discrimination against them, is an additional reason that the case against the Individual Defendants must be dismissed under Federal Rule 12(b)(6).

**C.    Because Plaintiff Has Failed to Serve Any of the Defendants, the Court Lacks Personal Jurisdiction Over the Defendants and the Complaint is Subject to Dismissal Under Rule 12(b)(2) and Rule 12(b)(5).**

11.    Generally, "a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of summons and complaint." *Gartin v. Par Pharm. Co., Inc.,* 289 F. App'x 688, 693 n. 3 (5th Cir. 2008). In addition, a failure to properly serve a defendant deprives the Court of personal jurisdiction, and Rule 12(b)(2) permits a court to dismiss a case for that reason. *Worrell v. Houston Can! Acad.,* No. CIV.A. H-07-1100, 2008 WL 818333, at *3 (S.D. Tex. Mar. 25, 2008) (citing *McGuire v. Sigma Coatings, Inc.,* 48 F.3d 902, 907-08 (5th Cir. 1995)).

12.    "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. US. Dep't of Justice, Wash., D.C.,* 903 F.2d 1011, 1013 (5th Cir.1990). Moreover, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo,* 709 F.3d 509, 512 (5th Cir. 2013) (internal quotations omitted).

13.    Federal Rule 4 sets out the procedure for service that must be satisfied if the district court is to obtain personal jurisdiction over a defendant. *Ayres v. Jacobs & Crumplar, P.A.,* 99 F.3d 565, 569 (3d Cir. 1996). "Strict compliance with the service requirements contained in Rule 4 is mandatory, in part because, absent proper service, the Court lacks personal jurisdiction over a defendant." *Goodwin v. Housing Authority of New Orleans,* No. Civ. A. 11-1397, 2013 WL 3874907, at *13 (E.D. La. Jul. 25, 2013) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350-51 (1999)). Indeed, "the failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the

plaintiff's case." *Ayres,* 99 F.3d at 569.

14. In particular, Federal Rule 4(a) & (b) requires the plaintiff to obtain issuance of a proper summons (signed and sealed by the clerk) for service upon each defendant. Federal Rule 4(c) requires that the properly-issued summons be served with a copy of the complaint upon each defendant by someone over 18 years old who is *not a party to the suit*. Federal Rule 4(e) requires that service be accomplished either (i) by personally delivering a copy of the complaint to a proper person, as set forth in Rule 4(e), or (ii) by following state law requirements for service of process. Under Texas Rules of Civil Procedure, service may be made by certified mail but *only by the clerk of the court where the action is pending. See* Tex. R. Civ. P. 103. As with Federal Rule 4, Texas Rule 103 clearly provides that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ."

15. Here, the Plaintiff alleges that *she* sent copies of the lawsuit to the Defendants via certified mail. [*See* Docket Entry Nos. 6, 7, and 8]. This is not valid service under either Federal or Texas law. Even assuming that service via certified mail could be permitted in this case (but several cases in Texas have held otherwise and have indicated that only the clerk of the court may serve process via certified mail), service may *not* be effectuated by "a party to or interested in the outcome of a suit." Texas R. Civ. Proc. 103; *see also Isais v. Marmion Indus. Corp.*, No. CIV.A. H-09-3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010). Further, there is no indication from the docket for this case that the Clerk of this Court was asked to issue a summons or that the Clerk did issue a summons with the Clerk's signature and seal. For all of these reasons, the purported service of the complaint on the Defendants is defective as a matter of law: Plaintiff cannot be the individual that effectuates service on them (by certified mail or otherwise) and service is not

effective without issuance and proper service of a summons.

16. Because the Defendants have never been properly served with this lawsuit, this Court does not have personal jurisdiction over the Defendants and the claims against the Defendants should therefore be dismissed under Rule 12(b)(2) and Rule 12(b)(5).

## V. CONCLUSION AND PRAYER

The Individual Defendants should never have been sued. There is no individual liability under Title VII as a matter of law, nor has Plaintiff exhausted her administrative remedies against the Individual Defendants. Accordingly, all claims asserted against the Individual Defendants should be dismissed under Rule 12(b)(6). Further, Plaintiff failed to properly serve the Defendants. Accordingly, all claims asserted against all of the Defendants should be dismissed under 12(b)(5) and 12(b)(2). The Defendants respectfully request the Court enter an Order of Dismissal and grant such other and further relief as the Court deems appropriate and equitable.

Dated: January 17, 2025

Respectfully submitted,

**BECKSTEAD TERRY DITTO PLLC**

By: */s/ Amy E. Beckstead*
Amy E. Beckstead, Attorney-in-Charge
Texas State Bar No. 24058876
Southern District of Texas Bar No. 1065186
Jana K. Terry
Texas State Bar No. 24003041
Southern District of Texas Bar No. 558378
BECKSTEAD TERRY DITTO PLLC
9442 N. Capital of Texas Highway
Plaza One, Ste. 500
Austin, TX 78759
(512)827-3573 (Telephone)
(855)845-3262 (Facsimile)
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

  I certify that on January 17, 2025, I caused a true and correct copy of the foregoing to be served via email on Plaintiff.

                     By: */s/ Amy E. Beckstead*
                         Amy E. Beckstead