United States District Court
Southern District of Texas

**ENTERED**

February 10, 2025

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Brittani Beasley, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:24-cv-04912 |
| v. | § § | |
| James E. Harden, Monja Willis, and 13 Strikes LLC, | § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

In this employment discrimination suit, two individual Defendants James E. Harden and Monja Willis ("Individual Defendants") and an entity, Defendant 13 Strikes LLC, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), 12(b)(5), and 12(b)(2). Dkt. 12. After carefully reviewing the motion, Plaintiff Brittani Beasley's response, Dkt. 15, the record, and the applicable law, it is recommended that Beasley's claims against James E. Harden and Monja Willis under Title VII of the Civil Rights Act of 1964 be dismissed with prejudice, and that she be provided another opportunity to properly effectuate service of process on 13 Strikes LLC. Beasley's request for leave to amend her complaint is granted.

## Background

Beasley filed this suit on December 13, 2024, alleging that that she was subject to a "toxic and hostile work environment" while employed at 13 Strikes LLC. *See* Dkt. 1.  Her complaint asserts claims against 13 Strikes LLC and its owner and manager, James Harden and Monja Willis, respectively ("Individual Defendants"), under Title VII of the Civil Rights Act of 1964. *See id.*  Liberally construed, portions of her complaint further appear to assert a common-law claim of negligent hiring against Individual Defendants. *See id.* at 4.

Beasley's proof of service reflects that she attempted to effectuate service of process herself by sending the summons to each defendant via certified mail. *See* Dkt. 6, 7, 8.  Subsequently, this Court denied Beasley's request for court-appointed counsel, noting in part that her Title VII claims against Individual Defendants are not actionable, as a matter of law. *See* Dkt. 10 at 5.

Defendants then filed a motion to dismiss, maintaining that (1) Beasley's Title VII claims against Individual Defendants are barred, both because Title VII does not apply to individuals and because Beasley failed to exhaust administrative remedies with respect to those Defendants; and (2) Beasley failed to properly serve any of Defendants. *See* Dkt. 12 at 3-8.  In response, Beasley (1) acknowledges that "there is no personal liability under Title VII"; (2) requests leave to file an amended complaint; and (3) requests another

2

opportunity to serve Defendants. *See* Dkt. 15 at 1-3. The motion to dismiss is ripe for resolution.

## Legal standard

### A.    Legal standard: Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the

plaintiffs."  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks omitted).

Pro se pleadings are liberally construed.  *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

### B.    Legal standard: Rules 12(b)(4) and (b)(5)

Federal Rule of Civil Procedure 12(b)(4) "allows a defendant to attack the form of the process, rather than the method by which it is served." *Intermoor Inc. v. Wilson*, 2016 WL 1107083, at *3 (S.D. Tex. Mar. 22, 2016); *see* Fed. R. Civ. P. 12(b)(4).  Issues of form include, for example, when the party to be served is identified by the wrong name.  *Intermoor Inc.*, 2016 WL 1107083, at *3.  "Rule 12(b)(5), in contrast, 'permits a challenge to the method of service attempted by the plaintiff, or the lack of delivery of the summons and complaint.'"  *Id.* (quoting *Neely v. Khurana*, 2008 WL 938904, at *2 (N.D. Tex. Apr. 7, 2008)).

4

"When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Aetna Bus. Credit Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). The court lacks jurisdiction over a defendant unless the defendant was properly served with process in accordance with Rule 4. *See generally id.*; *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

## Analysis

### I.    Beasley cannot maintain a Title VII claim against Individual Defendants.

As noted in this Court's previous order denying appointment counsel, Dkt. 10 at 5, and asserted here by Defendants, Dkt. 12 at 3, Beasley's Title VII claims against Individual Defendants are foreclosed, as a matter of law. "Title VII applies only to employers—and not the employer's agents or supervisors." *Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994). This limitation bars all Title VII claims against individuals, whether in their individual or official capacities. *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003). Beasley acknowledges this prohibition in her response. *See* Dkt. 15 at 1-2. These Title VII claims against Individual Defendants should be dismissed with prejudice.

## II.    Beasley has not properly served Defendants.

Defendants also seek dismissal due to lack of proper service.  They contend that (1) the record fails to indicate that Beasley requested and served an official summons from the Clerk of Court; and (2) Beasley's certified mailing violates the relevant rules because she sent the mailing herself.  *See* Dkt. 12 at 5-6.  Beasley does not dispute these contentions but requests additional time to effectuate proper service.  *See* Dkt. 15 at 2.

To effectuate proper service of process, a plaintiff must prepare and then present a summons for "signature and seal" by the Clerk of Court.  *See* Fed. R. Civ. P. 4(a) (listing content of summons); *id.* at 4(b) (requiring presentation of draft summons to the Clerk of Court "for signature and seal").  The court-issued summons and the complaint must then be served on each defendant, in accordance with detailed rules.  *See* Fed. R. Civ. P. 4(b); *see also id.* at 4(c) (general service requirement); *id.* at 4(e) (rule for serving an individual); *id.* at 4(h) (rule for serving an entity).  Under the federal rule, a party cannot effectuate service of process.  *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).  The same is true under Texas law, which provides an alternative avenue for service.  *See id.* at 4(h) (incorporating Rule 4(e)(1), which permits service in accordance with state law "where the district court is located or where service is made"); Tex. R. Civ. P. 103 ("[N]o person who is a

party to or interested in the outcome of a suit may serve any process in that suit ...."); *see also, e.g.*, *Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 681 (5th Cir. 2014) (affirming dismissal of suit where the plaintiff himself improperly sent the summons to defendant).

Defendants are correct that the record fails to show that Beasley requested and was obtained an official summons. Moreover, Beasley's service return reflects that she sent unspecified documents to Defendants herself, which is not effectual. *See* Dkt. 6, 7, 8. Beasley therefore has not properly served any of Defendants.

As a general principle, "[a] district court has broad discretion either to dismiss a case for improper service of process or to quash service and grant the plaintiff time in which to serve a defendant properly." *Topstone Commc'ns, Inc. v. Xu*, 603 F. Supp. 3d 493, 497 (S.D. Tex. 2022) (citing *Brown v. Miss. Coop. Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004)). A stricter standard applies, however, when dismissing the case for lack of proper service could bar the re-filing of the suit due to an applicable limitations period. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512-13 (5th Cir. 2013). In that context, dismissal is justified "only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 513. Such a delay requires "longer

than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id.*

Dismissing this case would permanently bar Beasley's claims. The 90-day limitations period for her Title VII claim against 13 Strikes LLC runs from September 18, 2024, the date when she received her right-to-sue letter, Dkt. 1-1. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Hunter-Reed v. City of Hous.*, 244 F. Supp. 2d 733, 740 (S.D. Tex. 2003). Because that limitations period expired on December 17, 2024, dismissing this case without prejudice for lack of proper service would operate as a dismissal *with* prejudice. Such a disposition is inappropriate because there is no "clear record of delay" marked by "significant periods of total inactivity." *See Thrasher*, 709 F.3d at 513. Instead, Beasley has submitted numerous filings making clear that she is continuing to press her case, including a response brief that requests additional time to properly serve Defendants. Under these circumstances, the Court should deny Defendants' request for dismissal under Rules 12(b)(5) and (b)(2) and grant Beasley another opportunity—until March 10, 2025—to effectuate proper service and file the return of service.

### III.   Beasley is granted leave to amend her complaint.

As a final issue, Beasley requests leave to file an amended complaint. *See* Dkt. 15 at 3. At this early juncture, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Beasley has yet to properly

serve her original complaint and promptly sought leave to amend. No scheduling order has been issued. The interests of justice therefore favor allowing Beasley to amend her complaint. When doing so, however, Beasley cannot reassert her futile Title VII claim against Individual Defendants.[1] *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (permitting denial of leave to amend "where the proposed amendment would be futile because it could not survive a motion to dismiss").

Beasley must file her amended complaint by February 21, 2025.

---

[1] Defendants did not acknowledge Beasley's alternative claim against Individual Defendants, which alleges that they negligently hired personnel who engaged in discriminatory and harassing conduct. *See* Dkt. 1 at 4. Notably, however, such a Texas common-law claim is preempted and precluded by Texas's anti-discrimination statute, the Texas Commission on Human Rights Act ("TCHRA"), because it is "entwined with" or "inseparable from" conduct covered by the TCHRA's comprehensive scheme. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808-09 (Tex. 2010); *see also Igwe v. Menil Found., Inc.*, 2018 WL 11604843, at *3 (S.D. Tex. Oct. 5, 2018) (applying *Waffle House* and dismissing negligent-supervision claim). Like Title VII, the TCHRA does not impose individual liability on an employer's supervisors and managers, *see Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cri. 2001), except with respect to sexual harassment claims, Tex. Lab. Code § 21.141(1); *see, e.g., Bautista v. SWBC Prof'l Emp. Servs. I, LLC*, 2023 WL 11979506, at *3-4 (W.D. Tex. Mar. 17, 2023) (addressing broader definition of "employer" for sexual harassment claims, which applies to conduct after September 1, 2021).

Defendants also note, and Beasley does not dispute, that Beasley failed to exhaust administrative remedies by naming Individual Defendants as respondents in the charge of discrimination that she filed with the Equal Employment Opportunity Commission. *See* Dkt. 12 at 4. There is likewise no indication that Beasley filed a charge with the Texas Workforce Commission that named Individual Defendants as respondents. Such a failure to exhaust administrative remedies would further preclude Beasley from maintaining a TCHRA claim against Individual Defendants. *See Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552 (5th Cir. 2020) (administrative exhaustion is a mandatory prerequisite to filing a TCHRA claim).

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that Defendants' motion to dismiss (Dkt. 12) be **GRANTED IN PART** and **DENIED IN PART** as follows:

- Plaintiff Brittani Beasley's Title VII claims against James E. Harden Jr. and Monja Willis should be **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 12(b)(6); and

- Beasley's prior attempt at service should be **QUASHED** under Fed. R. Civ. P. 12(b)(5), but Beasley should be granted until **March 10, 2025** to effectuate proper service of process.

It is further **ORDERED** that Beasley's request for leave to file an amended complaint (Dkt. 15 at 3) is **GRANTED**, and that her amended complaint must be filed by **February 21, 2025**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 10, 2025, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge

10