United States Courts
Southern District of Texas
FILED

JUN 13 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Brittani Beasley § § § *Plaintiff,* § § v. § 13 Strikes, LLC, THIRTEEN Restaurant, THIRTEEN § By James Harden™, Landmark Houston Hospitality § Group LLC., THIRTEEN Houston § *Defendant.* § § | Civil Action No. 4:24-cv-04912 |

## PLAINTIFF MOTION FOR SANCTIONS PURSUANT RULE 26(f) AND 37(b).

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff humbly submit this Motion for Sanctions pursuant Fed. R. Civ. P. 26(f)(1), 37(b)(1)(C), 37(b)(2)(A) and Tex. R. Civ. P. 190.3 and 215.3.

June 13, 2025            Respectfully Submitted,

*[signature]*

Brittani Beasley
2746 N Southern Oaks Dr
Houston, TX . 77068
346.861.7450
bbeasley20@gmail.com

## STATEMENT OF ISSUES AND ORDER

1. Defendant abused the discovery process by resistance and purpose of delay awaiting order on Motion to Postpone Initial Conference and Stay Rule 26 Obligations disallowing proper planning and execution of discovery.

2. The Defendant failed to permit 26(f) conference 21 days before the initial conference.

3. Plaintiff opposed the motion (Dkt. 50, pg. 9)

4. Magistrate Judge Ho denied Defendant's Motion to Reset and Stay (Dkt. 57)

## STANDARDS OF REVIEW

Pursuant Fed. R. Civ. P. Rule 26(f) and 37(b)(2)(a), parties must permit confer 21 days before the initial conference. Fed. R. Civ. P. Rule 37(b)(1)(C), Tex. R. Civ. P. 190.3 and 215.3 failure to comply with the discovery process is abuse and grounds for sanctions.

## FACTUAL BACKGROUND

1. May 8th, 2025, Plaintiff emails Defendant about potentially scheduling the 26(f) conference the last week of May. Defendant does not respond.

**EXHIBIT 1**



2. May 28th, 2025, Plaintiff asks if June 4, 2025 at 2 pm works for 26(f) conference. **EXHIBIT 2.**



3. May 28th, 2025, Defendant declines and informs the Plaintiff that both counsel for 13 Strikes, LLC. are out of town and if Plaintiff opposes Defendant's proposed motion to reset the conference. **EXHIBIT 3**



4. May 29th, 2025, Plaintiff asks the Defendant to confirm any date and time available to conference between June 3rd-June 6th, 2025. **EXHIBIT 4**



5. May 29th, 2025, Defendant informs the Plaintiff that she is leaving town the next day and is adding request to postpone 26(f) obligations. **EXHIBIT 5**



6. May 30th, 2025, Plaintiff informs the Defendant that she is opposed to postpone and asks if there is another partner available to conference. The Defendant did not respond. **EXHIBIT 6**



6

7. June 5th, 2025, Plaintiff makes Defendant aware that this is her 5th attempt and again requests conference June 5th, 2025 or June 6th, 2025. **EXHIBIT 7**



8. June 6th, 2025, Defendant responds "It is our position that it makes much more sense to have the conference after the motion to dismiss have been ruled on" and "Alternatively, I could speak to you Monday at 11am or 4pm or Tuesday at 3pm or 4pm". **EXHIBIT 8**



8

9. June 6th, 2025, Plaintiff asks if she is available at 6pm or 7pm and states "If we stay on course as per June 27th, 2025, I prefer to have a suggested discovery plan based on what has been presented. Making it easier to amend." **EXHIBIT 9**



10. June 6th, 2025, Defendant declines stating she is leaving after her 4:30 pm and suggests the Plaintiff email her in Word format. **EXHIBIT 10**



11. June 6th, 2025, Plaintiff states "With preferences being in person, phone or virtually, I would have wanted to file a joint motion to courts to confer over email. I do not agree to confer over email with no notice. I also do not use Word as my preferred software. The Defendant did not respond. **EXHIBIT 11**



11

12. Conference of the parties commenced Tuesday June 10th, 2025, 17 days before the initial conference. **EXHIBIT 12**

11:23

Case 4:24-cv-04912   Inbox

me  Apr 20
Dear Counsel, Please confirm: You are the attorney for 13 Strike ..

28

Jana Terry  Jun 8
to me, Connie, Amy

Ms. Beasley —

Let's speak Tuesday at 4 — thanks.

...

VIEW ENTIRE MESSAGE

me  9:24 AM
to Jana, Connie, Amy

Good morning,

Confirmed.

Thanks,

Brittani Beasley
346.861.7450

...

Reply   Reply all   Forward

12

## ARGUMENT

Per **EXHIBIT 8**, the Defendant abused the process of discovery by resistance for the purpose of delay, willfully refusing to comply with the *conference of the parties* as prescribed in 26(f), infringed upon the Plaintiff's right to follow protocol and challenged the proper planning and execution of the joint discovery plan. According to *Nevada v. Buckman,* No. c15-1432 TSZ, 2017 WL 11421809 (W.D.W. February 2, 2017), to warrant sanctions, the party's non-compliance must be due to willfulness, fault, or bad faith. It also states "Similarly, Rule 37(b)(1)(C) of the Federal Rules of Civil Procedure provides that the court may[issue further just orders] where a party fails to obey an order to provide or permit discovery, including an order under 26(f)."

Inadvertently, the matter to delay was futile as the Motion to Reset and Stay was denied by the Court. (Dkt. 57)

## CONCLUSION

The Defendant willfully violated court order, caused prejudice to the Plaintiff's right to follow court protocol, preventing proper planning and timely execution of the joint discovery conference.

Plaintiff request sanctions to dismiss Defendants motion to Dismiss Plaintiff's Third Amended Complaint Pursuant 4(m), 12(b)2 and 12(b)(5)(Dkt. 46) and Defendant's subject Motion to Dismiss Plaintiff's Third Amended Complaint

Pursuant Rule 12(b)(6) and Alternative Motion for More Definite Statement (Dkt. 47). Plaintiff also leaves any other relief to be at the Court's Discretion.

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I CERTIFY that, per Apple Pages word-count feature, the brief contains 954 words.

## CERTIFICATE OF CONFERENCE

On June 11th, 2025, the Defendant opposed this motion.

## CERTIFICATE OF SERVICE

On June 13th, 2025, I certify that I caused a true and correct copy of the foregoing to be served via email on Defendant.

By: /s/ Brett Beal