UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRITTANI BEASLEY,**<br>　　*Plaintiff*,<br>　　v.<br>**13 STRIKES, LLC d/b/a THIRTEEN RESTAURANT and LANDMARK HOUSTON HOSPITALITY GROUP d/b/a THIRTEEN HOUSTON,**<br>　　*Defendants*. | **CASE NO. 4:24-cv-04912** |

**DEFENDANT 13 STRIKES, LLC'S MOTION FOR SUMMARY JUDGMENT**

Defendant 13 Strikes, LLC ("13 Strikes" or "Defendant") files this Motion for Summary Judgment as to Plaintiff Brittani Beasley's ("Plaintiff") sole cause of action against it.

**I.    SUMMARY OF THE ARGUMENT**

Plaintiff alleges 13 Strikes failed to promote her to General Manager of 13 Strikes' restaurant, Thirteen by James Harden ("Thirteen"), because of her race and color. Not only is Plaintiff is wrong, she is wrong as a matter of law. The General Manager position was not open, nor did Plaintiff apply for it. Moreover, Plaintiff's race and color are the same as the person who was eventually hired to be General Manager. Additionally, Plaintiff has no evidence she was more qualified than that individual. If anything, the undisputed evidence confirms that 13 Strikes did not hire Plaintiff because she did not have the requisite qualifications for this role.

Months after Plaintiff voluntarily resigned, 13 Strikes hired Sean Knight, an African American man with significant restaurant and food industry experience, as General

1

Manager. Mr. Knight's race and color are the same as Plaintiff's. Even if Plaintiff was able to show she was more qualified than Mr. Knight, which she cannot, Plaintiff has no evidence that 13 Strikes did not promote her to General Manager because of her race and color. Thus, 13 Strikes requests that the Court grant summary judgment on Plaintiff's failure to promote claim.

## II.   STATEMENT OF FACTS

13 Strikes operated its restaurant and lounge, Thirteen, in Houston, Texas. (Ex. A, Declaration of Leza Narducci ¶ 3.) Thirteen contained a restaurant, a lounge, a nightclub, three bars, and a commercial kitchen. (Ex. A at ¶ 4.) At the time Plaintiff worked at Thirteen, most of Thirteen's employees were African American. (Ex. B, Deposition of Plaintiff 82:9-13.) The owner of Thirteen, James Harden ("Mr. Harden"), is also African American. (Ex. B at 82:14-17.) 13 Strikes frequently promoted African American employees to manager roles. (Ex. B 107:9-11, 104:20-23, 105:1-17.)

13 Strikes hired Plaintiff as a host in July 2021. (Ex. B at 25:25-26:1.) Prior to her employment at Thirteen, Plaintiff had no managerial experience at a restaurant. (Ex. B at 47:23-25; 65:13-21.) Indeed, the only positions she had held in the restaurant industry were a host at Steak 48 and a caterer for McAllister's, a deli restaurant. (Ex. B at 45:3-17, 46:20-22.) Plaintiff was proficient as a host. (Ex. A at ¶ 6.) As a result, 13 Strikes promoted her to Lead Host. (*Id*.) Around that time, Plaintiff expressed interest in becoming involved with Thirteen's events. (Ex. A at ¶ 7.) As such, she received opportunities to organize some of Thirteen's events. (*Id*.)

In March 2023, 13 Strikes hired a restaurant consultant, Derrick Mack ("Mr.

Mack"), to restructure and improve Thirteen. (Ex. A at ¶ 8.) The following month, in April 2023, Mr. Mack and Plaintiff discussed the possibility of hiring a General Manager. (Ex. A at ¶ 9.) However, the restaurant did not hire a General Manager until November 2023. (Ex. A at ¶ 9.)

While working at Thirteen, Plaintiff never reviewed Thirteen's profit and loss statements. (Ex. B at 62:24-63:1.) Plaintiff also did not provide input on the goals of Thirteen's profit margins. (Ex. B at 63:1-4.) 13 Strikes promoted Plaintiff to Hosting Event Coordinator in April 2023. (Ex. A at ¶ 10.) This position was consistent with her skillset and qualifications. (Ex. A at ¶ 10.) Plaintiff received an increase in her pay when she became Hosting Event Coordinator. (Ex. A at ¶ 11.) On September 5, 2023, Plaintiff voluntarily resigned as Event Coordinator. (Ex. B at 19:14-16; *see also* Ex. A at ¶ 12.) At the time she resigned, she had secured a new job with a different company. (Ex. B at 19:14-16.)

Two months after Plaintiff's voluntary resignation, in November 2023, 13 Strikes hired Sean Knight as Thirteen's General Manager. (Ex. C, Declaration of John Ricks at ¶ 3.) Mr. Knight's race and color are the same as Plaintiff's, as they are both African American. (Ex. B at 72:15-16, 72:25-73:1-5; Ex. C at ¶ 5.) Mr. Knight had extensive experience in the restaurant and food industry before joining Thirteen. (Ex. C at ¶ 6.) Indeed, before Thirteen, Mr. Knight worked as a Regional Operations Manager for ALife Hospitality Group, which owns and operates several brands such as Bungalow Downtown Dining, FRNDS Restaurant & Lounge, Prospect Park Restaurants, Lost & Found, Kamp Houston, and Stick Talk Cajun Hibachi. (Ex. C at ¶ 7.) He also worked as a Corporate

3

Trainer at Vic & Anthony's Steakhouse. (Ex. C at ¶ 8.) In this role, he oversaw staffing operations, communicated daily objectives, trained new hires, and conducted routine evaluations to identify strengths and weaknesses within the team. (*Id.*) He provided direction to a restaurant staff of 36 members. (*Id.*) In addition, Mr. Knight served as a Director of Operations at Chick-fil-A and managed 238 staff members. (Ex. C at ¶ 8.) In this role, he examined financial documentation and performance metrics for Chick-fil-A's restaurants. (*Id.*) In addition, Mr. Knight worked as a Corporate Trainer for The Capital Grille, a restaurant in Houston, Texas. (Ex. C at ¶ 10.) 13 Strikes hired Mr. Knight as Thirteen's General Manager because of his qualifications, knowledge, and experience in the restaurant and food industry. (Ex. C at ¶ 11.)

Plaintiff filed the present lawsuit on December 13, 2024. (Dkt. 1.) The Court dismissed all of Plaintiff's claims, except for her failure to promote claim, on October 20, 2025. (Dkt. 89.) Plaintiff brings her failure to promote claim under Title VII of the Civil Rights Act of 1964. (Dkt. 30.) Specifically, Plaintiff claims Thirteen failed to promote her to General Manager. (Ex. B at 71:17-19; Dkt. 107 p. 1) For the reasons detailed below, summary judgment on Plaintiff's remaining claim is appropriate.

## III. <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment must be granted where there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). A movant may demonstrate entitlement to summary judgment by arguing that there is no evidence to support an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to establish that there is a genuine issue of

4

material fact so that a reasonable jury might return a verdict in her favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

IV.     **POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT.**

As a general matter, this Court should grant this motion for summary judgment because there is no evidence to support Plaintiff's failure to promote claim. To the extent more specific grounds are required, 13 Strikes shows as follows.

   A.     **Summary judgment should be granted on Plaintiff's failure to promote claim.**

Plaintiff alleges that 13 Strikes failed to promote her to General Manager because of her race and color. (Ex. B at 71:17-74:13.) To defeat 13 Strikes' motion, Plaintiff must show that (1) she is a member of a protected group; (2) she sought and was qualified for an available position; (3) she was rejected for the position; and (4) 13 Strikes either hired someone outside her protected group or otherwise failed to promote her because of her race. *See Stelly v. Dep't of Pub. Safety & Corr. Louisiana State*, 149 F.4th 516, 522 (5th Cir. 2025). "A plaintiff's replacement by a member of the same protected class precludes the establishment of a prima facie case." *See Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 n. 7 (5th Cir. 1997) (citing *Singh v. Shoney's Inc.*, 64 F.3d 217, 219 (5th Cir.1995)). Other than her membership in a protected group, Plaintiff has no evidence supporting the remaining elements.

1. **There was no available General Manager position at Thirteen.**

As a threshold matter, a plaintiff must establish that a position was available to show she was denied a promotion to that position. *Baltazor v. Holmes*, 162 F.3d 368, 374 (5th Cir. 1998). Here, there was no General Manager position available at the time Plaintiff and Mr. Mack discussed the possibility of hiring a General Manager. (Ex. A at ¶ 9.) Indeed, the restaurant did not hire a General Manager in April 2023. (*Id*.) Thirteen had no General Manager from April 2023 until November 2023, and there was no available position for General Manager during this time. (*Id*.)

2. **Plaintiff did not apply for the General Manager role.**

The Fifth Circuit has explained that "[w]hen no application [is] made, a plaintiff must 'show that such an application would have been a futile gesture.'" *Jenkins v. Louisiana Workforce Comm'n*, 713 F. App'x 242, 245 (5th Cir. 2017). A futile gesture determination requires a showing that the employee was "deterred from applying for a position due to an employer's discriminatory policy." *Id*. Although the position was discussed with Plaintiff in April 2023, Plaintiff did not formally apply for the job. (Ex. A at ¶ 9.) Plaintiff was also not rejected from the position. (Ex. A at ¶ 9.) Instead, no one was offered the General Manager position during Plaintiff's employment with 13 Strikes. (Ex. B at 72:6-8.) Plaintiff also has no evidence that she was deterred from applying for the General Manager position due to any discriminatory policy. Based on this, Plaintiff is unable to show she sought and was rejected for the General Manager position.

3. **Plaintiff was not qualified to be General Manager.**

6

Plaintiff was not qualified to be General Manager. If anything, the evidence shows that Plaintiff was unsuited for the position. 13 Strikes hired Plaintiff as a host in July 2021. (Ex. B at 25:25-26:1.) She had no managerial experience at a restaurant. (Ex. B at 45:3-17, 46:20-22.) Before Plaintiff worked at Thirteen, the only positions she held in the restaurant industry were a host at Steak 48 and a caterer for McAllister's, a deli restaurant. (*Id.*) Thirteen operated a restaurant, a lounge, a nightclub, four bars, and a commercial kitchen under one roof. (Ex. A at ¶ 4.) Plaintiff simply did not have the requisite job experience to serve as General Manager of Thirteen.

In contrast, Sean Knight, who was hired as General Manager two months after Plaintiff's voluntary resignation, had extensive restaurant and food industry experience. (Ex. C at ¶ 11.) Mr. Knight worked as a Regional Operations Manager for ALife Hospitality Group, which owns and operates several brands such as Bungalow Downtown Dining, FRNDS Restaurant & Lounge, Prospect Park Restaurants, Lost & Found, Kamp Houston, and Stick Talk Cajun Hibachi. (Ex. C at ¶ 7.) Mr. Knight also served as a Director of Operations at Chick-fil-A and directly managed 238 staff members. (Ex. C at ¶ 9.) In this role, he examined financial documentation and performance metrics for Chick-fil-A's restaurants. (*Id.*) In addition, Mr. Knight served as a Corporate Trainer for The Capital Grille, a restaurant in Houston, Texas. (Ex. C at ¶ 10.) Accordingly, there is no evidence that Plaintiff was qualified to be General Manager, much less more qualified than Knight.

  **4.**   **13 Strikes eventually hired a General Manager who is in the same protected class as Plaintiff.**

Critically, Plaintiff is unable to show that 13 Strikes either hired someone outside her protected class[1] or otherwise failed to promote her because of her race. Plaintiff testified that her race is African American, and her color is "dark-skinned." (Ex. B at 73:17-22.) Plaintiff testified that she "assum[es]" Mr. Knight's race is the same as hers but "never saw him" and thus does not know his color. (Ex. B at 72:25-73:5.) Mr. Knight is also a dark-skinned African American individual. (Ex. C at ¶ 5.) Based on this, alone, summary judgment should be granted. *See Singh*, 64 F.3d at 219 (finding that the plaintiff, a white woman, "failed to make out a prima facie case of racial discrimination on this record, because she was replaced by a white female."). Thus, Plaintiff cannot establish a prima facie case that 13 Strikes failed to promote her based on her race and color.

> **B.** **Plaintiff cannot rebut 13 Strikes' legitimate, nondiscriminatory reason for not promoting her, and Plaintiff has no evidence that her race and color motivated 13 Strikes' decision not to promote her.**

Even if Plaintiff could establish a prima facie case of race and color discrimination, which she cannot, she must rebut 13 Strikes' "legitimate, nondiscriminatory reason for not promoting the plaintiff" by demonstrating that 13 Strikes' nondiscriminatory reason is a mere pretext for discrimination or that the plaintiff's protected characteristic was another motivating factor for the action. *Stelly*, 149 F.4th at 522; *see also Price v. Fed. Exp. Corp.*, 127 F. Supp. 2d 801, 808 (S.D. Tex. 2001), *aff'd*, 283 F.3d 715 (5th Cir. 2002). Plaintiff cannot bear this burden. 13 Strikes hired Mr. Knight as Thirteen's General Manager

---

[1] Plaintiff's sex differs from Mr. Knight, but she has not alleged sex discrimination.

because of his qualifications, knowledge, and experience in the restaurant and food industry. (Ex. C at ¶ 10.) Thus, summary judgment must be granted.

### C. There is no evidence that Plaintiff suffered any damages as a result of 13 Strikes' conduct.

Finally, Plaintiff has no evidence that she suffered any damages attributable to 13 Strikes. Plaintiff voluntarily resigned her employment with 13 Strikes. (Ex. B at 19:14-16; *see also* Ex. A at ¶ 12.) And at the time she resigned, she had secured a new job with a different company. (Ex. B at 19:14-16.) Further, 13 Strikes hired a General Manager two months after Plaintiff voluntarily ended her employment with Thirteen. (Ex. C, Declaration of John Ricks at ¶ 3.) As such, 13 Strikes is not responsible for Plaintiff's alleged damages. Thus, 13 Strikes is entitled to summary judgment on Plaintiff's claim for damages.

### V. CONCLUSION

In all, there is no genuine dispute as to any material fact. Thus, summary judgment must be granted under Federal Rule of Civil Procedure 56. 13 Strikes prays that its motion be granted and that Plaintiff's claim and cause of action against 13 Strikes be dismissed with prejudice. 13 Strikes further prays for any and all relief, both at law and in equity, to which it may be entitled.

Respectfully submitted,

*/s/ Emma R. Brockway*
**JOSEPH W. GAGNON**
State Bar No. 00787507
Southern District ID No. 16885
jgagnon@fisherphillips.com
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000

Houston, Texas 77002
(713) 292-0150 Office
(713) 292-0151 Fax
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**EMMA BROCKWAY**
State Bar No. 24125156
Southern District ID No. 3709883
ebrockway@fisherphillips.com
**Fisher & Phillips LLP**
910 Louisiana Street, Suite 4000
Houston, Texas 77002
(713) 292-0150 Office
(713) 292-0151 Fax
**OF COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF COMPLIANCE

In accordance with the Court's Procedures, I hereby certify that this Motion for Summary Judgment contains 2,313 words.

*/s/ Emma R. Brockway*
**EMMA R. BROCKWAY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February 2026, a copy of the foregoing was filed electronically with the Clerk of Court to be served via the Court's electronic filing system to all parties and counsel of record.

*/s/ Emma R. Brockway*
**EMMA R. BROCKWAY**