IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Brittani Beasley, | § § § § § | |
| Plaintiff, | § § | Civil Action No. 4:24-cv-04912 |
| v. | § § § | |
| 13 Strikes, LLC, et al., | § § § | |
| Defendants. | § § § | |

## MEMORANDUM AND RECOMMENDATION

This opinion addresses four motions pending in this employment dispute,[1] two of which are motions for summary judgment—one filed by Plaintiff Brittani Beasley, Dkt. 107, and the other filed by Defendant 13 Strikes, LLC, Dkt. 113. Beasley also filed a motion to consolidate this case with a later-filed suit in this Court, No. 4:25-cv-06074, Dkt. 118, which motion she has since withdrawn, Dkt. 123. And 13 Strikes filed a motion to amend the scheduling order. Dkt. 121.

After carefully considering the motions, the responses, Dkts. 114, 117, the reply, Dkt. 115, and the applicable law, it is recommended that 13 Strikes's motion for summary judgment (Dkt. 113) be granted and Beasley's motion for

---

[1] This opinion does not address the pending motion in limine (Dkt. 122).

summary judgment (Dkt. 107) be denied.  It is further ordered that 13 Strikes's

motion to amend the scheduling order (Dkt. 121) is granted.  Beasley's motion

to consolidate (Dkt. 118), having been withdrawn, Dkt. 123, is terminated.

## Background

The background to this case is detailed in the undersigned's prior

Memorandum and Recommendation (Dkt. 89), which was adopted by this

Court (Dkt. 104).  *See Beasley v. Thirteen Strikes, LLC*, 2025 WL 3245070, at

*1-3 (S.D. Tex. Oct. 20, 2025), *adopted by* 2025 WL 3244443 (S.D. Tex. Nov. 20,

2025).  Below is a summary of facts pertinent to Beasley's sole remaining claim

that she was denied a promotion based on her race (African American) or color

(self-described as "dark skinned," Dkt. 107 at 3).

The restaurant Thirteen by James Harden ("Thirteen"), owned and

operated by 13 Strikes, hired Beasley as a host in July 2021.  Dkt. 113-1 at 2

(Declaration of Leza Narducci, former 13 Strikes employee).   Before that,

Beasley had eight years of general management experience.  Dkt. 113-2 at 10

(Beasley's deposition).  Within one year, Beasley was promoted to lead host,

Dkt. 113-1 at 2, and then to Interim Assistant General Manager in February

2023, Dkt. 107-1 at 100 (13 Strikes's EEOC position statement).

According to Beasley, she was then offered the General Manager

position.  Dkt. 107 at 3 (citing Dkt. 107-1 at 2 (PX-A, March 23, 2023 text

message from Beasley to John Ricks, Thirteen's Chief Operating Officer, that

"$1800 a week would work" for her salary); Dkt. 107-1 at 11 (PX-B, April 3, 2023 email from Derrick Mack, Thirteen's Director of Operations, attaching the General Manager job description)). 13 Strikes, however, maintains that although Beasley and Mack discussed the possibility of hiring a General Manager, Thirteen decided not to do so until November 2023. Dkt. 113-1 at 3. Meanwhile, Beasley claims that she reported alleged pay discrepancies between herself, Brandalyn Trahan, another African American employee, and Heather Grimm, a Caucasian employee. Dkt. 107 at 4 (citing Dkt. 107-1 at 22-24 (PX-E email titled "Promotions/pay for managers and MITs")).

Beasley was not promoted to General Manager. Instead, she was offered a position as Hosting Event Coordinator. Dkt. 113-1 at 3; Dkt. 107-1 at 33 (PX-H, Hosting Event Coordinator job description Beasley was provided). On September 5, 2023, Beasley resigned from Thirteen. Dkt. 113-1 at 3.

Beasley filed a charge with the Equal Employment Opportunity Commission ("EEOC"). Dkt. 30 at 4-5. The EEOC issued a right-to-sue letter on September 18, 2024. *Id.* at 7. Beasley filed this suit on December 13, 2024, Dkt. 1, and then amended her complaint, Dkt. 5. That pleading named 13 Strikes and two individuals, James E. Harden Jr. and Monja Willis, as defendants. *See* Dkt. 5 at 1. The Court dismissed Beasley's claims against the individuals but granted her leave to amend. *See* Dkt. 18 (adopting Dkt. 16).

Beasley's second amended complaint added Landmark Houston Hospitality Group, LLC ("Landmark") as a defendant. *See* Dkt. 17. Beasley was granted leave to file a third amended complaint solely to elaborate on her theories of liability against Landmark. *See* Dkt. 29 at 2.

Beasley's third amended complaint lodged the following claims against 13 Strikes and Landmark: (1) wage discrimination, failure to promote, hostile work environment, and retaliation under Title VII of the Civil Rights Act; (2) "failure to disclose job responsibilities"; (3) negligence; (4) fraudulent inducement; and (5) defamation. Dkt. 30 at 1, 9-11, 13-21. Finding that most of Beasley's Title VII claims were not administratively exhausted and that her remaining claims were deficient, the Court dismissed all but Beasley's failure to promote claim against 13 Strikes. *See* Dkt. 104 (adopting Dkt. 89). The Court also found that Beasley's claims against Landmark were untimely and dismissed all her claims against it. *Id.* Beasley's sole remaining claim is her Title VII failure to promote claim against 13 Strikes.

Beasley moved for summary judgment. Dkt. 107. 13 Strikes responded, Dkt. 114, and Beasley replied, Dkt. 115. 13 Strikes also moved for summary judgment, Dkt. 113, to which Beasley responded, Dkt. 117. Beasley then filed a motion to consolidate this case with her related case, *Beasley v. Harden et al.*, 4:25-cv-06074, which is pending before U.S. District Judge David Hittner and likewise referred to the undersigned for pretrial management. Dkt. 118.

4

But she recently withdrew the request for consolidation. Dkt. 123. For its part, 13 Strikes filed a motion to amend the scheduling order. Dkt. 121. The motions are ripe for resolution.

## Legal Standard

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (quotation omitted). "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party …." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001). In addition, courts must credit all reasonable inferences from the evidence,

without "weigh[ing] evidence or mak[ing] credibility findings." *Seigler v. Wal-Mart Stores Tex., LLC*, 30 F.4th 472, 476 (5th Cir. 2022). But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hou.*, 337 F.3d 539, 541 (5th Cir. 2003)).

<u>Analysis</u>

I.    **Beasley has not made a *prima facie* showing that she was denied a promotion because of her race or color.**

As Defendants argue, Beasley's failure-to-promote claim fails because she cannot establish a *prima facie* case of racial discrimination. *See* Dkt. 113 at 6-8; Dkt. 114 at 4-7. To meet her burden, Beasley would need to demonstrate that (1) she is a member of a protected group; (2) she sought and was qualified for a position for which applicants were being sought; (3) she was rejected for the position; and (4) the employer either hired someone outside her protected group or continued to seek applicants with her qualifications. *See Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 406 (5th Cir. 2021). Only upon making that showing would the burden shift to 13 Strikes to "articulate a legitimate, nondiscriminatory reason" for its actions. *See id.* And if 13 Strikes did so, the burden would rest on Beasley to show that "the reason proffered by [13 Strikes] is a mere pretext for unlawful discrimination." *See id.*

Beasley, who is African American, belongs to a protected group. *See* Dkt. 107 at 2; Dkt. 114 at 5. But Beasley has not shown that she was qualified for the General Manager position that she was allegedly denied—the second element—or that 13 Strikes filled that position with someone outside of her protected group or otherwise acted with discriminatory intent—the fourth element. As a result, her claim is barred as a matter of law.

**A.      Beasley has not shown she was qualified for the position.**

Even assuming that Beasley had applied for, and was denied, the General Manager position, her discrimination claim would nevertheless fail unless she was qualified for that job. "An employer may establish job requirements and rely on them in arguing that a prima facie case is not established because the employee is not 'qualified.' However, only objective requirements may be used in making this argument." *Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003) (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 681 (5th Cir 2001)). Here, the evidence does not reflect that Beasley satisfied the objective requirements to serve as General Manager.

The job description states that the General Manager position requires "[e]xtensive previous experience in restaurant Management: Minimum five years of experience in a service-oriented or hospitality industry." Dkt 107-1 at 16 (PX-C). Beasley contends she was qualified because she has eight years of management experience, generally. Dkt. 115 at 2. 13 Strikes responds that

7

Beasley's managerial experience was not in a restaurant or other hospitality setting. Dkt. 113 at 6-7 (citing Dkt. 113-2 at 5-6 (DX-B, Beasley's deposition that she previously worked as a "host" and did "catering")); Dkt. 114 at 6.

Beasley's managerial experience does not fit the job qualifications. By her own account, Beasley's previous restaurant experience was limited to taking catering orders and working as a host. *See* Dkt. 113-2 at 5-7 (testifying about working at McAlister's Deli and at Steak 48). Neither of those positions entailed management roles. *See id.* at 7. Rather, Beasley held general manager positions only in non-restaurant and non-hospitality settings. Dkt. 113-2 at 10 (listing multiple retail stores). Beasley's work history is "facially insufficient to satisfy the minimum criteria" for the General Manager role. *See Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 318 (5th Cir. 2004) (holding that summary judgment was appropriate where plaintiffs could not show they met the job qualifications).

In contrast, 13 Strikes proffers evidence that Sean Knight, who was eventually hired as General Manager, had extensive restaurant management experience. Knight had worked as a Regional Operations Manager for Alife Hospitality Group, which owned and operated several restaurant brands in the Houston area. *See* Dkt. 113-3 at 2-3 (DX-3, Ricks's declaration). He also worked at Vic & Anthony's Steakhouse, where he "oversaw staffing operations, communicated daily objectives, trained new hires, and conducted routine

8

evaluations ...." *Id.* at 3. And he served as a Director of Operations at Chick-fil-A, managing 238 staff members. *Id.*

Beasley's lack of evidence that she met the qualifications for the General Manager position defeats her failure-to-promote claim. That deficiency alone forecloses recovery, warranting summary judgment for 13 Strikes.

**B.    No evidence shows that 13 Strikes hired someone outside of Beasley's protected group or otherwise acted with discriminatory intent.**

Beasley also fails to show that 13 Strikes hired someone outside her protected class or otherwise discriminated against her on the basis of race when denying her the General Manager role. First, it is necessary to identify the relevant comparator. As Beasley notes, Dkt. 117 at 5, 13 Strikes's EEOC position statement mentioned the hiring of another individual, Diane Escotto, to Thirteen's Assistant General Manager position. Dkt. 107-1 at 100 (PX-AA, 13 Strikes's position statement). But as Beasley observes, that is not the pertinent position here. Dkt. 117 at 5. Instead, the relevant comparator is Knight, whom Thirteen ultimately hired as its General Manager.

Knight, like Beasley, is a dark-skinned African-American individual. Dkt. 113 at 8; Dkt. 113-3 at 2 (DX-3, Ricks's declaration). Because Beasley and Knight share the same protected class, Beasley cannot show she was rejected in favor of someone outside her protected group. *See McMullin v. Miss. Dep't of Pub. Safety*, 782 F.3d 251, 258-59 (5th Cir. 2015).

Nor Beasley has otherwise shown that her race or color was a "motivating factor" in the decision not to promote her. *See Byers v. Dall. Morning News*, 209 F.3d 419, 427 (5th Cir. 2000). Beasley posits that Thirteen denied her the promotion in "retaliation" for complaining about wage discrimination. *See* Dkt. 107 at 4. But this Court dismissed Beasley's retaliation claim because she failed to exhaust it. Dkt. 104 (adopting Dkt. 89). She cannot revive it here to bolster her separate denial-of-promotion claim.

Beasley also claims that Mack sent text messages asking for "more diversity" in Thirteen's hiring and directing her to go to "white clubs" to find "white promoters." Dkt. 107 at 10 (citing Dkt. 107-1 at 137 (PX-CC, screenshot of a text message from an unsaved number stating: "We need more diversity."); Dkt. 107-1 at 140 (PX-DD, screenshot of a text message from an unsaved number stating: "Any white promoters?" and "Need to go to white clubs to find white promoters.")). Even if these screenshots could be authenticated, nothing links those purported statements to the challenged promotion decision. To the contrary, the person who was chosen for General Manager shares the same protected class as Beasley and had extensive restaurant management experience that Beasley lacked. There is no indication that Beasley's race or color had anything to do with that decision. 13 Strikes's motion for summary judgment should be granted, and Beasley's cross-motion on the same claim should be denied.

**II.     13 Strikes's motion to amend the scheduling order is granted.**

As a final procedural issue, 13 Strikes filed a motion to amend the scheduling order, observing that docket call is currently set for August 14, 2026, and that the Court's resolution of the parties' cross-motions for summary judgment may obviate the need for trial preparation.  Dkt. 121; *see also* Dkt. 64 (Docket Control Order).  The motion is designated as opposed.  *See id.* at 5.

Continuance of all remaining deadlines is appropriate.  If this Court adopts the undersigned's recommendation to grant summary judgment for 13 Strikes, then no trial will occur.  To maximize efficiency, the better course is to vacate the deadlines for the joint pretrial order and docket call, which will avert the need to expend further resources until the District Judge determines whether any part of this case should proceed to trial.

### Recommendation and Order

It is **RECOMMENDED** that Defendant 13 Strikes, LLC's motion for summary judgment (Dkt. 113) be **GRANTED**, that Plaintiff Brittani Beasley's motion for summary judgment (Dkt. 107) be **DENIED**, and that all of Brittani Beasley's claims against it be **DISMISSED WITH PREJUDICE**.

It is **ORDERED** that Beasley's motion to consolidate (Dkt. 118) this suit with Case No. 4:25-cv-06074 is **WITHDRAWN**.

11

It is further **ORDERED** that 13 Strike's motion to amend the scheduling order (Dkt. 121) is **GRANTED**, and the remaining deadlines for the joint pretrial order and docket call are hereby **VACATED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 13, 2026, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge